UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRUCE MOORER,

    Plaintiff,

vs.

EXPERIAN INFORMATION
SOLUTIONS, INC. *et al.*,

    Defendants.

Case No. 3:21-cv-263

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS (Doc. No. 12); AND (2) GRANTING PLAINTIFF LEAVE TO AMEND HIS COMPLAINT BY MARCH 3, 2022**

---

This case is before the Court on Defendant Bank of America, N.A.'s ("BANA") motion to dismiss. Doc. No. 12. Plaintiff filed an opposition memorandum (Doc. No. 14) and Defendants replied (Doc. No. 15). In his opposition memorandum, Plaintiff requests leave to amend his complaint. Doc. No. 14 at PageID 105. The Court construes this request as a motion for leave to amend. Both motions are now ripe for review.

**I.**

The Court assumes the veracity of the complaint's factual allegations under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "The factual allegations in the complaint need to be

sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678).

The Court freely grants leave to amend a pleading as justice so requires. *See* Fed. R. Civ. P. 15(a)(2). When deciding whether to grant a motion to amend, the Court "consider[s] undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)); Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)).

## II.

Having carefully and thoroughly considered the pleadings and briefing in support of and in opposition to BANA's motion to dismiss, and having also so considered Plaintiff's motion for leave to amend along with the procedural posture of this case, the Court believes that the efficient and appropriate way forward is to permit amendment of the complaint which moots Defendant's motion to dismiss the initial complaint.

## III.

Accordingly, Defendants' motion to dismiss is **DENIED AS MOOT**. Plaintiff is **GRANTED** leave to file an amended complaint and shall do so **by March 3, 2022**. If no amended complaint is timely filed, this case shall proceed on the initial complaint and the Court will, once again, entertain a dispositive motion directed to that initial pleading.

**IT IS SO ORDERED.**

 February 17, 2022                                             s/Michael J. Newman
                                                                                    Hon. Michael J. Newman
                                                                                    United States District Judge